## BUNDAY and Others *v.* THE STATE.

By the R. S. 1852, only one docket-fee can be taxed in any case, whatever may be the number of defendants.

APPEAL from the *Orange* Court of Common Pleas.

PERKINS, J.—Prosecution against *John Bunday* and nine others for a riot. Conviction by a jury, and a fine upon each defendant of one cent.

The judgment was as follows :

"It is therefore considered by the Court, that the said state of *Indiana* do recover against the said defendants the said sum of one cent each, and that they pay the costs of this prosecution, and be committed till the same be paid or replevied, and that the clerk of this Court do tax with the other costs of this prosecution a docket-fee of four dollars against each of said defendants for the use of" the prosecuting attorney, naming him.

The only exception taken is to the part of the judgment giving several docket-fees. It is contended that, as the trial of all the defendants was joint, there was but one case and should have been but one docket-fee.

At the *November* term, 1838, this Court decided that under the statute then existing giving costs, which provided that "for every conviction," &c., there should be a docket-fee, &c., the prosecuting attorney was entitled to several docket-fees in a joint prosecution and conviction of several defendants. *The State* v. *Cripe*, 5 Blackf. 6. At the same time, in civil causes, but one docket-fee was taxed under a provision giving docket-fees "in all civil actions at law." R. S. 1831, p. 253. And in 1843 the legislature, as if dissatisfied with the construction put upon the act of 1831 by the Supreme Court, enacted, R. S., p. 1050, sec. 1, that in criminal cases "no more than one docket-fee shall be charged upon or for the trial of any one indictment or presentment." This provision settled the question till 1852. In the code of that year it was provided, on p. 22, of the second volume, sec. 36, that "in all cases, civil and criminal," "a docket-fee of three dollars," &c., shall be taxed, &c., and paid to the county treasurer, &c. This provision was enacted *May* 14, 1852. And in the first volume of the same code, p. 288, a docket-fee, "in cases in Court of Common Pleas, on plea of not guilty," of four dollars, is given to the prosecuting attorney. This provision was enacted *June* 16, 1852.

It is unnecessary that we should here decide whether both of these provisions are in force, and if not, which is operative, as we think that neither of them gives several

May Term,
1855.

docket-fees in joint judgments. In the case before us there was·but one trial, one judgment, one "case," and the statute provides for but "a docket-fee," that is, one docket-fee, in a case. We think the Court below erred in taxing a docket-fee against each defendant.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. McDonald* and *W. A. McKenzie*, for the appellants.

*D. C. Chipman*, for the state.