## THE STATE *v.* KINNEMAN ET AL.

FEES.—*Criminal Law.*—Under the present statute (Acts 1871, p. 26, sec. 5), on an indictment or information against two or more, a separate docket fee is chargeable against each defendant who pleads guilty, or who is convicted on a plea of not guilty.

APPEAL from the Grant Common Pleas.

WORDEN, J.—Information for riot against the appellees and others. The appellees pleaded guilty, and they were severally fined. The district attorney moved that a docket fee be taxed against each of the appellees, but the court overruled the motion, and allowed but one docket fee to be taxed in the cause. This ruling presents the only question arising in the case.

Under a statute of 1831, which provided a docket fee "for every conviction upon an indictment or presentment on plea of not guilty," it was held that the prosecuting attorney was entitled to a docket fee against each person convicted on the same indictment. *The State* v. *Cripe,* 5 Blackf. 6. Under the statutes of 1852, it was held that the prosecutor was only entitled to one docket fee in any case, whatever might be the number of defendants. *Bunday* v. *The State,* 6 Ind. 398.

The question must depend upon the construction of the statute of 1871, which governs the case. That statute provides as follows:

"The prosecuting and district attorneys' fees shall be as follows, to wit:

Docket fee on plea of guilty in felony.................... $7 00
Docket fee on plea of guilty in misdemeanor.......... 5 00
    \*      \*      \*      \*      \*      \*
Docket fee on plea of not guilty in felonies............ 10 00
Docket fee on plea of not guilty in misdemeanor.... 7 00
    See Acts 1871, p. 26, sec. 5.

In giving a construction to this statute, it should be borne in mind that in joint prosecutions against two or more persons, each one is liable to the punishment inflicted upon himself only, and is not jointly liable with his co-defendants. He suffers the punishment due to his transgressions, but not for the sins of his co-defendants. The punishment inflicted upon one may be greater or less than that inflicted upon another. The judgment should be against each separately (though they may be all embraced in the same entry), and there should not be a joint judgment against all. *The State* v. *Hopkins*, 7 Blackf. 494; 1 Bishop Crim. Law, sec. 732, *et seq.*

The statute above quoted does not provide (like the statute of 1852, quoted in the case cited from 6 Ind.) for a docket fee in a "case," but it provides for a docket fee on a "plea." In this respect it differs essentially from the statute of 1852. There must be as many pleas as there are defendants arraigned upon a criminal prosecution. ' Each defendant pleads for himself. Then there may be different pleas by different parties to the same indictment. On a plea of guilty in misdemeanors, the docket fee is five dollars, but on a plea of not guilty, on conviction, the docket fee is seven dollars. If there is to be but one docket fee charged in a case, what would it be where two or more are prosecuted, and some plead guilty and some not guilty, those pleading not guilty being convicted? Would it be five or seven dollars?

If the larger sum be taxed as a docket fee, will it be apportioned amongst the parties? or will they all be jointly

liable for it? If they are all to be jointly liable, it might turn out that the man who pleaded guilty would have to pay the price of pleading not guilty.

We think, under the present statute, that on an indictment or information against two or more, a separate docket fee is chargeable against each defendant who pleads guilty, or who is convicted on a plea of not guilty.

The order of the court below in respect to the taxation of docket fees is reversed, with costs, and the cause remanded, with instructions to the court below to tax docket fees in accordance with this opinion.

*J. L. Custer* and *B. W. Hanna*, Attorney General, for the State.

*R. W. Bailey*, for appellees.