S. H. Foss v. S. L. Jones, *as Sheriff of Sumner County, et al.*

CRIMINAL CASE — *Costs* — *Void Judgment Against Prosecuting Witness.* Where a judgment was rendered by a justice of the peace in a criminal prosecution for a violation of the prohibitory liquor law against the prosecuting witness for costs, and where no finding was made that the prosecution was instituted by the prosecuting witness without probable cause, or without reasonable grounds, or from malicious motives, *held*, that the judgment is void.

*Error from Sumner District Court.*

JUDGMENT for costs against plaintiff *Foss*, on January 2, 1888. He brings the case here. The opinion states the nature of the action, and the material facts.

*Charles Willsie*, for plaintiff in error.

*John A. Murray*, and *C. Everest Elliott*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Sumner county by S. H. Foss, against S. L. Jones, sheriff, and John M. Graham, a justice of the peace of said county, for the purpose of having a certain judgment rendered by such justice of the peace against Foss declared

void, and of enjoining the defendants from enforcing the same; or if that could not be done, then of having such judgment modified in certain particulars and enforced only partially. After various proceedings were had in the case, the plaintiff filed an amended petition which he styled "an amended petition in error." In this amended petition he set forth and stated various facts, among which are the following: On August 9, 1886, a certain criminal complaint was reduced to writing by the county attorney and was signed and sworn to by Foss, and was filed in the office of the aforesaid justice of the peace—the county attorney and Foss both being present—which complaint reads as follows:

"STATE OF KANSAS, SUMNER COUNTY, ss.—S. H. Foss, being sworn in due form of law, upon his oath doth say that on or about the 25th day of May, 1886, in Sumner county, Kansas, one J. M. Roney, then and there being lawfully and in good faith engaged in the business of a druggist in said Sumner county, Kansas, and having a permit as provided by law to sell intoxicating liquors, did then and there unlawfully barter and sell to Charles McLaughlin spirituous, malt, vinous, fermented, and other intoxicating liquors, when he had reason to believe and did believe that said Charles McLaughlin wanted said liquors which he was then and there obtaining, for other than medical, mechanical, or scientific purposes; and then and there sold said liquors to said McLaughlin when he, the said McLaughlin, was under the influence of liquor, and a person in the habit of being intoxicated — all of which was then and there well known to said J. M. Roney; contrary to such cases made and provided, and against the peace and dignity of the state of Kansas."

Several amendments were made to this complaint, but none of them changed substantially the offense charged. Afterward, and on August 24 and 25, 1886, a trial was had before the justice of the peace without a jury, on the foregoing complaint as amended, the county attorney conducting the prosecution, and Foss being one of the witnesses in the case, and upon such trial the justice of the peace found the defendant Roney not guilty, and discharged him, and then rendered the following judgment, to wit:

"Wherefore, it is considered by the court and adjudged that the prosecuting witness herein, S. H. Foss, pay the costs of this action as shown and taxed on margin hereof, same being made the judgment thereon, and that execution issue therefor."

After the aforesaid judgment was rendered, an execution was issued thereon by the justice of the peace against Foss, and placed in the hands of Jones, the sheriff, for collection, when this action was commenced in the district court for the object above stated.   Finally, upon motion of the defendants, the district court held that the amended petition of the plaintiff did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, and dismissed the plaintiff's action at his costs; and the plaintiff now seeks to have such ruling, order and judgment of the district court reversed by petition in error in this court.

It would hardly seem that for the purpose of modifying the judgment of the justice of the peace, or for retrying any of the questions tried by him, an independent action like the present would be the proper remedy.   Under the practice in this state it is probable that an appeal would be the proper remedy. (*The State v. Campbell*, 19 Kas. 481; *The State v. Zimmerman*, 31 id. 85; *The State v. Forney*, 31 id. 635; *The State v. Manlove*, 33 id. 483.)   In the case of *The State v. Menhart*, 9 Kas. 98, it seems that the prosecuting witness took the case from the justice of the peace to the district court on petition in error.   Even the question as to whether it would be Foss or the county that would, under the facts of this case, be liable for the costs under the provisions of the latter portion of § 10 of chapter 149 of the Laws of 1885, is a question which can hardly be determined in the collateral manner in which it is sought to have the same determined in this case.   Indeed, it seems to us that the only question that can properly be determined in this case is whether the justice of the peace, under the facts of this case, had any legal power or not to render the judgment which he in fact did render against Foss as the prosecuting witness, we assuming all the

time that Foss was in fact the prosecuting witness in the case. We would hardly think that the justice had any such power. It must be remembered that no finding was made in this case in the justice's court that the prosecution was instituted by the prosecuting witness without probable cause, or without reasonable grounds, or from any malicious motives; and hence the judgment that was rendered could not have been rendered under the provisions of § 18 of the act relating to the jurisdiction and procedure before justices of the peace in cases of misdemeanor, or under § 326 of the criminal code; but it must have been rendered under the provisions of the proviso to § 13 of chapter 39 of the General Statutes as amended by § 1 of chapter 127 of the Laws of 1885. But said § 13 as amended gives no power to justices of the peace to render any such judgment as was rendered, or to render any judgment of any kind; and therefore under the decision of this court made in the case of *Little v. Evans,* 41 Kas. 578, same case, 21 Pac. Rep. 630, the aforesaid judgment rendered by the justice of the peace was and is absolutely void.

We shall follow the aforesaid decision, and hold that the aforesaid judgment rendered by the justice of the peace was and is absolutely void; and therefore the judgment of the court below will be reversed, and the cause remanded for further proceedings.

*Costs; void judgment against prosecuting witness.*

All the Justices concurring.