THE STATE OF KANSAS, ex 'rel. ·W. E. ATCHISON, as County Attorney, etc., *Plaintiff*, v. JOHN S. DAWSON, as Attorney-general, etc., *Defendant.*

No. 18,838.

SYLLABUS BY THE COURT.

FEES—*Of Attorney-general—In Contempt Proceedings Under the Prohibitory Liquor Law.* Under existing legislation the attorney-general is entitled to retain the fees adjudged and paid to him as costs in proceedings to punish for contempt the violation of an injunction under the prohibitory law.

Original proceeding in mandamus. Opinion filed November 8, 1913. Writ denied.

*W. E. Atchison,* county attorney, for the plaintiff.

*John S. Dawson,* attorney-general, for the defendant.

The opinion of the court was delivered by

WEST, J.: This action to compel the attorney-general. to pay over to the state treasurer a certain fee presents one question: Can that officer, for services during the present term, retain, in addition to his salary, a fee adjudged and paid to him in a contempt proceeding under the prohibitory law?

Section 6 of chapter 488 of the Laws of 1905 (Gen. Stat. 1909, § 9007), like section 6 of chapter 181 of the Laws of 1891, fixed the salary at $2500. Section 16 of chapter 181 required all fees received by any of the salaried officers mentioned in the act to be accounted for and paid into the general fund of the state treasury. The $2500 provision remained unchanged until the enactment of chapter 313 of the Laws of 1913, which increases the salary to $4000, beginning January, 1915, when it requires the attorney-general to pay into the state treasury all fees and allowances, including the kind involved here. In addition to the provision of the act of 1891, the appropriation acts of 1907 and 1909

each contained a section requiring state officers to account for and turn over certain fees for making certified copies, etc. (Laws 1907, ch. 2, § 4; Laws 1909, ch. 5, § 4.) In the appropriation act of 1911 the language was broadened, and it was made the duty of salaried state officers to account for and deliver to the treasurer of state all fees received by them and turn over "all fees collected by them, or either of them, for any services required of them, or either of them, by law or that may hereafter be required of them by law for which they may charge and receive a fee." (Laws 1911, ch. 2, § 7.)

It is claimed by the plaintiff that this provision, significant because of its departure from those made by former legislatures, forbids the retention by the attorney-general of the fee here involved. But section 1 of chapter 338 of the Laws of 1903 (Gen. Stat. 1909, § 4388) expressly provides that for violation of an injunction against maintaining a nuisance, in case judgment is rendered in favor of the plaintiff, "the court . . . shall also render judgment for a reasonable attorney's fee . . . therein, which attorney's fee shall be taxed . . . as . . . costs therein, and when collected paid to the attorney or attorneys of the plaintiff therein."

In 1911 an act was passed increasing the salary of the attorney-general and requiring all such fees to be turned into the state treasury, and this was vetoed, one of the express grounds being that it would remove the incentive to a vigorous prosecution of the prohibitory law. The act of 1913 makes it the duty of the attorney-general, on and after the second Monday in January, 1915, to account for and turn over all fees paid to him "under color of any general or special statute for criminal convictions secured by him in violations of the prohibitory law and fees awarded to him by virtue of any statute for abating liquor nuisances . . . and every other fee or allowance in any civil or criminal

case whatsoever, whether specifically mentioned in this act or not." (Laws 1913, ch. 313, § 1.) This specific and sweeping language implies that the legislature deemed this officer entitled until January, 1915, to these fees under existing legislation. The identical language of section 7 of the act of 1911 constitutes section 17 of chapter 1 of the Laws of 1913, an act making appropriations for the executive and judicial departments. This was not deemed by the legislature of 1911 or by the governor any bar to the retention of fees in liquor cases, for the statute passed by the one and vetoed by the other shows that new legislation was considered essential for the purpose of turning such fees into the state treasury, and the terms used in chapter 313 show that the succeeding legislature entertained a similar view, and made plain its purpose to devote to state use such fees when, and not before, the act should become operative.

In addition to this manifest legislative intention, we are mindful of the rule that the express provision of the statute under which the fee is claimed should not be stricken down unless a clear repeal by implication can be found in the section of the act of 1911 relied on. That section was inserted in the body of an act (Laws 1911, ch. 2) having this title:

"An act making appropriations for the executive and judicial departments of the state for the fiscal years ending June 30, 1912, and June 30, 1913, and deficiencies for the fiscal year ending June 30, 1911; and amending sections 8998, 9012, 9020 and 4914 of the General Statutes of Kansas of 1909, and repealing said original sections; and fixing the salaries of certain officers, clerks and employees herein named, and making appropriations for the current expenses of the State Orphans' Home at Atchison, for the fiscal years ending June 30, 1912, and June 30, 1913; and for special improvements for the fiscal year ending June 30, 1912."

While section 16 of article 2 of the constitution requiring the single subject of an act to be clearly expressed in its title is not so frequently invoked as for-

merly, it is still as binding as ever. This matter of accounting for and turning over fees is not embraced even within the composite subject of executive and judicial appropriations, salaries, current expenses of the orphans' home, section 8998 (salary of auditor and his assistants), 9012 (salary of treasurer and his assistants), 9020 (state horticulture society), 4914 (adjutant general's office), and special improvements; and hence it is outside the scope of the title and void. The congressional practice of putting riders on appropriation bills is not permitted under our constitution. While this section was incidentally considered in *Nation v. Tully*, 86 Kan. 564, 121 Pac. 507, no question as to its validity was suggested or decided, as that case depended upon the construction of other statutes. The defendant presents the question now and its decision becomes necessary.

Section 16 of chapter 181 of the Laws of 1891 (Gen. Stat. 1901, § 6091) requires the officers named in the act, including the attorney-general, to account monthly for all fees received by them, and when this requirement was sought to be repeated in the appropriation acts of 1907 (Laws 1907, ch. 2, § 4) and 1909 (Laws 1909, ch. 5, § 4) it was that they account "as provided in section 6091, General Statutes of 1901." And while the quoted clause was omitted from the act of 1911, such omission must be construed not as a repeal of original section 16 of the act of 1891, but as leaving that section in force. But as already indicated, the act of 1903 did operate as a repeal to the extent of relieving the attorney-general from the duty of accounting for the fee to which by that act he is expressly entitled.

The writ is denied.

JOHNSTON, C. J. (concurring specially) : I concur in the judgment on the first ground stated in the opinion, but do not assent to the view that the title of the act is too narrow to cover the provision in controversy.