No. 18,820.

THE STATE OF KANSAS, *Appellant*, v. R. J. BLAND, CHARLES DIXON and HARRY BROWN, *Appellees*.

No. 18,871.

THE STATE OF KANSAS, *Appellee*, v. R. J. BLAND, CHARLES DIXON and HARRY BROWN, *Appellants*.

No. 18,755.

THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as Attorney-general, etc., *Plaintiff*, v. O. W. FAIL, as Clerk of the District Court, etc., et al., *Defendants*.

SYLLABUS BY THE COURT.

1. DISTRICT COURT — *Sitting in Two Places in Same County — Form of Criminal Information.* A statute provides that the district court of Cherokee county shall be held in two places, and prescribes that actions commenced in that court shall be entitled as sitting at one or the other of the places. An information filed at one of the places, and to which the defendants were recognized to appear, was entitled "State of Kansas, County of Cherokee, ss: In the District Court of said County and State," followed by the names of the parties, but did not name the place in which the information was filed and the case was tried. *Held*, that the omission of the name of the place in the county did not invalidate the information, nor operate to the prejudice of the defendants.

The State v. Bland.

2. MISDEMEANOR—*Voluntary Absence of Defendant from Trial—Conviction Valid.* A defendant at liberty on a bond can not, by voluntarily leaving the court room during a part of the trial, nullify the proceedings had, nor impair the validity of a verdict rendered against him in his absence.

3. FEES—*Attorney-general—Liquor Cases—Denial—Appeal.* An appeal may be taken by the state from a decision refusing to allow fees to the attorney-general for convictions obtained by him in prosecutions for violations of the prohibitory liquor law.

4. PROSECUTIONS — *Under Prohibitory Law — Attorney-general Entitled to Fees.* The statute providing for the allowance of such fees is not repugnant to that part of section 15 of article 1 of the state constitution which provides that certain state officers shall receive compensation for their services at stated times.

5. —— *Same—Joint Defendants—Fees Chargeable to Each Defendant on Each Count.* Where several defendants are jointly tried and convicted of offenses charged in a number of counts in a single information the prosecuting attorney is entitled to the allowance of the fee provided in section 4377 of the General Statutes of 1909 for each count upon which each defendant is convicted.

6. MANDAMUS—*Adequate Remedy at Law.* The extraordinary remedy of mandamus can not be used where prompt and adequate relief may be had by an appeal.

Nos. 18,820 and 18,871.

Appeals from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed December 6, 1913. Case No. 18,820 reversed. Case No. 18,871 affirmed.

*John S. Dawson,* attorney-general, for the state; *W. P. Montgomery,* of Topeka, of counsel.

*C. B. Skidmore, A. L. Majors,* and *S. C. Westcott,* all of Galena, for appellees R. J. Bland *et al.*

No. 18,755.

Original proceeding in mandamus. Opinion filed December 6, 1913. Dismissed.

11—91 KAN.

*John S. Dawson,* attorney-general, for the plaintiff;
*W. P. Montgomery,* of Topeka, of counsel.

*Andrew S. Wilson,* and *Edward E. Sapp,* both of
Galena, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: R. J. Bland, Charles Dixon and
Harry Brown were prosecuted for violations of the
prohibitory liquor law. In the information each was
charged in eleven counts with illegal sales of intoxicat-
ing liquors, and in the twelfth count each was charged
with maintaining a common nuisance. Upon arraign-
ment the defendants refused to plead, and thereupon
a plea of not guilty was entered by the court as to each.
The refusal to plead was based on the claim that the
information was without validity because it was not
entitled as the district court of Cherokee county, "sit-
ting at Galena." The same objection was made to
the introduction of testimony, but it was overruled.
Upon the testimony offered Dixon was convicted on the
first, second, third, fourth, fifth, sixth and twelfth
counts and not guilty on five of the counts. Brown
was found guilty on the same counts as was Dixon
and not guilty on the remaining counts. Bland was
found guilty on all of the counts except the eleventh
and as to that he was found not guilty. Motions for
new trials and in arrest of judgment were overruled,
and the sentence of the court was that Bland should be
imprisoned in the county jail for thirty days and pay
a fine of $100 on each of the eleven counts on which he
was convicted. Dixon and Brown were separately sen-
tenced, each to be imprisoned for thirty days and pay a
fine of $100 on each of the seven counts upon which
they were convicted. In this connection the court ad-
judged that no attorneys' fees should be taxed as costs
on the convictions, and this ruling was based upon the
ground that the prosecutions had been conducted by the
attorney-general and not by the county attorney, and

that, in the opinion of the court, the attorney-general was not, under the law, entitled to an allowance of attorneys' fees. The question as to whether or not attorneys' fees were allowable as costs in the case was reserved by the state for determination on appeal.

It is first contended on behalf of the appellants, Bland, Dixon and Brown, that by reason of the absence of the words "sitting at Galena" from the caption of the information the validity of the information was destroyed. The information was entitled, "State of Kansas, County of Cherokee, ss: In the District Court of said County and State," followed by the names of the parties. In the act providing for the holding of terms of the district court in Cherokee county it is enacted that terms of court shall be held at the city of Columbus on the first Monday of January, May and October, and at Galena on the first Monday of March and September and the second Wednesday of November, in each year. It is further provided that the clerk of the court shall maintain offices in Columbus and Galena, and that all actions commenced in the court shall be entitled, "sitting at Columbus," or "sitting at Galena." (Laws 1901, ch. 156, §§ 1, 2.) In the criminal code it is provided that the information must contain the title of the action, specifying the name of the court to which it is presented. When the information was attacked application was made to the court by the state to amend the information by adding the words "sitting at Galena," and for the mere matter of formality an amendment might have been allowed, but evidently the court concluded, and rightly so, that the omission was not a material one. The information had been filed at Galena and the defendants had been recognized to appear there. They were brought to trial in Galena in the district court of Cherokee county, where the case was legally instituted. While terms of court are to be held at two places in Cherokee county it is the same court which is held in both places. There

is but one district court in the county, and cases filed at one place may be assigned and transferred for hearing and trial at the other place. The provision that actions filed in the different places shall be entitled as sitting at that place was directory only and a mere matter of convenience. It was essential to name the county where the offense was committed, and that was given in the caption and explicity referred to in the body of the information. In a civil case it was contended that the omission of the name of the court and the county in the caption of a petition was fatal to the jurisdiction of the court, and for the reason that is urged here, that is, that the statute required it to be done, but it was ruled that the omission did not affect the jurisdiction and that no prejudice could have resulted from it. (*Hastie v. Burrage*, 69 Kan. 560, 77 Pac. 268.) Here the county and court were stated, and it is certain that the omission of the place in the county in which the information was filed did not result to the prejudice of the defendants. Aside from that, the criminal code provides that an information shall not be quashed "For a mistake in the name of the court or county in the title thereof," or "For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (Crim. Code, § 110, subdivs. 1, 7.)

A second contention is that the absence of the defendants from a part of the trial defeats the judgments. It appears the defendants were present when the trial began, as well as the counsel who were acting for them. An objection to the admission of any evidence was made in their behalf, based on the defect in the caption of the information. It was argued at length, and when it was overruled counsel withdrew from the case and one of the defendants absented himself until the verdict was returned. The other two defendants were present throughout the trial and were given an opportunity to cross-examine the witnesses who testi-

fied in behalf of the state and also to offer testimony
in their own behalf, but they did not avail themselves
of the offers.   Two of the defendants were present
when the verdict was returned, and bonds in an in-
creased amount for the appearance of all were given by
all of them.   Counsel appeared and presented motions'
for a new trial and in arrest of judgment in behalf
of all the defendants and all were present in court
when these were overruled and the judgments of the
court were pronounced.   It is the right of the defend-
ant in a criminal case to be present at all stages of the
trial, but it has been held that his personal presence is
not absolutely required during a trial for a misde-
meanor.   (*The State v. Baxter,* 41 Kan. 516, 21 Pac.
650.)   His presence is more important in a case of
felony, and a trial of one charged with a felony during
a compulsory absence of a defendant would be an in-
fringement of his right.   In felony cases, however, a
defendant may waive his right to be present, and if,
with full opportunity to be present, he voluntarily ab-
sents himself during the trial he waives his statutory
right.   (*The State v. Way,* 76 Kan. 928, 93 Pac. 159;
*The State v. Thurston,* 77 Kan. 522, 94 Pac. 1011.)
The voluntary absence of the defendants from the trial
for the misdemeanors charged against them, when they
had given a bond and obligated themselves to be present
throughout the trial, is an effectual waiver of the right
given them by law.

It follows that neither of the objections of the de-
fendants can be sustained.

The remaining questions arise on the question re-
served by the state.   The decision of the trial court re-
fusing to award judgment for the costs claimed by the
state, or rather for attorneys' fees to be taxed as costs,
is one from which an appeal may be taken by the state.
It falls within the third class provided for, namely,
"upon a question reserved by the state."   (Crim. Code,
§ 283, subdiv. 3; *The State v. Zimmerman,* 31 Kan. 85;

1 Pac. 257; *The State v. Forney,* 31 Kan. 635, 3 Pac. 305; *Foss v. Jones,* 43 Kan. 72, 22 Pac. 1001.)

The state sought to raise the same question in a mandamus proceeding brought against the district judge and the clerk of the district court, but as the state is entitled to have the question determined upon an ordinary appeal, there is no occasion nor ground for invoking the extraordinary remedy of mandamus.

Two questions arise on the appeal taken by the state: First, may any fees be allowed to the attorney-general as costs under statutes providing for the enforcement of the prohibitory liquor law; and second, may fees be allowed upon each count upon which each defendant is convicted? The validity of the statute authorizing the taxation of fees in cases of this character has been attacked and upheld. (*In re Ellis,* 76 Kan. 368, 91 Pac. 81; *The State, ex rel., v. Dawson,* 90 Kan. 829, 136 Pac. 320.)

The statute is now assailed upon a ground not previously considered, namely, that the allowance to the attorney-general of any fees would conflict with section 15 of article 1 of the state constitution, which provides that:

"The officers mentioned in this article shall, at stated times, receive for their services a compensation to be established by law, which shall neither be increased nor diminished during the period for which they shall have been elected."

The attorney-general is one of the officers mentioned in the article and is subject to its provisions. No question arises as to the last clause of the section, as the compensation of the attorney-general, by the payment of the fees challenged, has not been increasd or diminished during the period for which he has been elected. It is contended, however, that the first part of the section, which provides that the officers shall, at stated times, receive for their services the compensation provided by law, prohibits the payment of any compensa-

The State v. Bland.

tion to any of the officers mentioned other than that designated as salary. This clause is a direction to the legislature to fix the compensation of certain state officers, and to provide for payment of the same in whatever form it may be given at stated times. The admonition to provide for payment at stated times is for the benefit of the officer, and the provision does not carry with it the implication that the failure of the legislature to make such provision would deprive the officer of his right to compensation. If the legislature should prescribe the amount of compensation that an officer should receive and fail to fix the time when payment should be made it would hardly be contended that the officer would not be entitled to compensation. The clause does not provide the form or medium of payment, and the ordinary meaning of the term "compensation," as applied to officers, is remuneration in whatever form it may be given, whether it be salaries and fees or both combined. (23 A. & E. Encycl. of L. 385.) There is a limitation in the last clause of the section, and this provision has been interpreted and enforced (*Bailey v. Kelly*, 70 Kan. 869, 79 Pac. 735), but it is clear that the requirement that officers shall be paid compensation at stated times does not mean that no compensation can be given if the time of payment is not fixed, nor does it mean that it must be paid in the form of salary. It has already been determined that compensation may be given to state officers in both salary and fees, with, of course, the limitation that compensation can not be increased or diminished during the term. (*Nation v. Tulley*, 86 Kan. 564, 121 Pac. 507; *The State, ex rel., v. Dawson*, 90 Kan. 839, 136 Pac. 320.)

A statute giving compensation in the form of fees payable when judgment is entered and when they have been legally earned comes fairly within the clause providing for paying compensation at stated times. It is compensation that is established by law, and the provision that the fees are earned and to be taxed as costs

when convictions are obtained amounts to a fixing of the times when compensation is payable. Salary is generally regarded as a periodical payment dependent upon time, while fees depend on services rendered, the amount of which is fixed by law and made payable at fixed times. There is nothing in the provision indicating that the stated times must be of equal duration, nor that the times fixed for one kind of compensation shall be the same as that of another. The stated time for the payment of fees under the statute is when the judgment is entered finding them to be allowable and taxing them as costs in each case.

Another question has been presented for determination, and that is the amount of fees that are allowable under the statute. The three defendants herein were prosecuted jointly under charges embraced in a single information. On the part of the state it is claimed that a fee should be allowed for each count upon which each defendant was convicted, and on the other side it is contended that no more should be allowed than if the convictions had been obtained upon each count against a single defendant. It is provided that the attorney-general's fees in this class of cases shall be measured by those allowed to county attorneys. (Gen. Stat. 1909, § 4378.) In the statute fixing the fees it is provided that:

"The county attorney shall be allowed a fee of twenty-five dollars upon each count upon which the defendant shall be convicted, and the same shall be taxed as costs in the case." (Gen. Stat. 1909, § 4377.)

As will be observed, there can be no compensation unless the prosecution results in a conviction, but the prosecuting attorney is to be allowed a fee upon each count upon which a defendant is convicted. If the defendants had been tried upon separate informations there would be no question of the right of the prosecuting attorney to a fee for each conviction of each defendant; and will the fact that all the defendants were jointly tried in

one prosecution affect the amount of compensation? Although prosecuted together each defendant is entitled to individual counsel and the compulsory process requiring the attendance of his own witnesses. Each is separately arraigned and a plea is made by or in behalf of each defendant. Each is entitled to challenge jurors as if he were being tried alone and each is entitled to the same number of challenges. Separate findings upon the several counts are required to be made as to each defendant and separate judgments of conviction are entered against each defendant upon each count. When judgment is so rendered each is liable only for the penalty assessed against him and is not responsible for the penalties assessed against the other defendants. The fact that one may pay a fine and suffer imprisonment under the sentence will not satisfy the judgment in respect to the other codefendants. Where several defendants are jointly charged with a felony separate trials may be had upon request, and separate trials may also be had in other cases in the discretion of the court. (Crim. Code, § 218.) In all prosecutions of those jointly charged with offenses the individual rights of defendants are recognized and protected. On account of the provisions made for the assertion of individual rights and for separate findings and entries of judgment against each defendant the prosecuting attorney must make additional preparation and render additional service. As the law requires that there must be separate convictions against each individual defendant we think the prosecuting attorney is entitled to a fee for each conviction of each defendant.

Under a statute of Indiana giving the prosecuting attorney a fee for every conviction upon an indictment or presentment on a plea of not guilty several persons were jointly charged for a riot, and it was held that there were as many convictions as there were de-

fendants found guilty and that the prosecuting attorney was entitled to a fee against each defendant. (*The State v. Cripe and Others,* [Ind.] 5 Blackford, 6.) In *Penland v. The State,* 20 Tenn. 383, where several persons were jointly indicted and convicted, it was held that a fee should be taxed against each defendant under a statute which provides that: "Whenever any fine or cost shall be rendered in any court against any defendant upon any prosecution under any of the statutes which may be enforced to discourage and suppress gaming, ten dollars shall be taxed in the bill of cost as a fee for the attorney general." (p. 384.) In *The State v. Hunter,* 33 Iowa, 361, it was held that the prosecuting attorney was entitled to separate fees upon the conviction of several defendants jointy indicted and tried. The court said:

. "The statute, allows to that officer 'for each conviction on plea of guilty $5,' which 'shall be taxed against the defendant' and collected by the clerk, etc.

"The judgments being required to be several on the several pleas of the defendants this fee is properly taxable in each judgment. The judgments are the several convictions on the pleas of guilty entered, and the fee should be taxed as a part of each judgment." (p. 364.)

In Colorado, where the statute allows the district attorney a fee of $20 for every conviction for felony, it was held that where several charges were made against two jointly and separate trials had and a conviction on each that the district attorney was entitled to a fee for the conviction of each. (*Board of County Com., etc., v. Graham,* 4 Colo. 201.) In Texas a law gave the attorney-general a fee in cases where a judgment against convicted defendants is affirmed. A joint appeal was taken by several defendants with the result that the judgment was affirmed. A judgment taxing a fee against each defendant was sustained. (*Hogg v. The State,* 40 Tex. Crim. Rep. 109, 48 S. W. 580; see, also, *The State v. Kinneman et al.,* 39 Ind. 36.)

On the appeal taken by defendants Bland, Dixon and Brown, the judgments against them will be affirmed. On the appeal taken by the state the judgment refusing an allowance of fees to the attorney-general will be reversed and the cause remanded with directions to enter judgment in accordance with the opinion herein. The mandamus proceeding brought against the district judge and clerk of the district court will be dismissed.