No. 20,450.

JOHN S. DAWSON, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHEROKEE, *Appellee.*

SYLLABUS BY THE COURT.

1. LIQUOR CASES—*Convictions—Defendants Released—Fees of Attorney-general—Not Paid in One Month—Liability of County.* Where the attorney-general and his assistants prosecute and secure the conviction of a person for the violation of the prohibitory liquor law the county in which the conviction is obtained becomes liable for the fees of the attorney-general and his assistants which have not been paid within one month after the convicted person has been released from jail, whether the release is granted by the district court or by other authorities and whether or not security for the payment of costs has been given by the convicted party.

2. SAME—*Statute Providing for Attorney's Fees—Not Repealed.* The provisions of the parole law relating to the security for and payment of costs by a paroled person does not operate to repeal or amend the provisions in section 4378 of the General Statutes of 1909 relating to the liability of the county for the fees of the attorney-general and his assistants.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed December 9, 1916. Reversed.

*W. P. Montgomery,* of Topeka, for the appellant.

*F. W. Boss,* county attorney, and *Edward E. Sapp,* of Galena, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover attorneys' fees for securing convictions in a liquor prosecution.

From the petition it appears that the plaintiff, as attorney-general, successfully prosecuted R. J. Bland, Charles Dixon and Harry Brown for selling liquor. They were convicted on

April 1, 1913, Bland on eleven counts and the other two on seven counts each. They were fined, sentenced to imprisonment and the costs taxed against them, and on appeal the judgment of conviction was affirmed as to each. (*The State v. Bland,* 91 Kan. 160, 136 Pac. 947.) After having been confined in jail a short time, and long before they had served their sentences, the parties were paroled by the district court— Dixon and Brown being released on April 6, 1914, and Bland about December 15, 1914—the costs, including the statutory fees due the attorney-general, and amounting in the aggregate to $625, never having been paid.

The answer alleged that on April 6, 1914, prior to their release, the convicted parties each filed a bond approved by the clerk of the district court for the payment of all costs taxed against him in the action, and·that on account of the nonpayment of the costs actions upon the bonds were then pending.

The plaintiff and the defendant each filed motions for judgment upon the pleadings, and from the judgment sustaining defendant's motion and overruling that of the plaintiff the latter appeals.

In behalf of the plaintiff it is contended that the county became liable for the attorney's fees in the cases named when they were not paid within one month after the convicted persons were released from jail. The statute which provides that such fees shall be taxed as costs against the parties convicted has been upheld, and the amount of fees charged against the defendants in those cases and upon which a judgment against the county is asked has been adjudicated. (*The State v. Bland,* supra.) The provision under which the recovery against the county is sought provides that if the prohibitory law is not enforced by the local authorities the attorney-general and his assistants may institute and conduct prosecutions for the violation of the act, and may do and perform any act which the county attorney might lawfuly do or perform, "and for such services he or his assistants shall receive the same fees that the county attorney would be entitled to for like services, to be taxed and collected in the same manner, except that in all cases where there shall be a conviction, and the attorney's fees as provided for in this act shall not be paid by the defendant within one month after his release from

jail, the county where such conviction is had shall then become liable to the attorney-general, or his assistant prosecuting such case, for a fee of twenty-five dollars upon each count upon which the defendant shall have been convicted." (Gen. Stat. 1909, § 4378.) The attorney's fees in the prosecutions had not been paid when this action was begun, which was many months after the convicted persons had been released from jail.

The statute quoted plainly provides that the county shall become liable for the fees which have not been paid within one month after the convicted parties have been released from jail, but it is contended by the defendant that the release which was granted by the district court under the parole law (Gen. Stat. 1909, § 2468) is not the release contemplated in section 4378. The parole law provides that the court granting a parole shall require the person paroled to give security for the payment of costs unless he is insolvent or unable to pay them, or to furnish security for their payment, and if unable to pay or give security the costs shall be paid by the state or county, but that such payment shall not discharge the liability of the convicted party for the costs. Although the parole law is the later enactment, nothing in it purports to change the provisions of section 4378 making counties liable for the fees of the attorney-general and his assistants where the convicted party is released from jail. The parole statute provides for giving security for costs, and it appears that security for costs was given in the cases under consideration, but the liability of the county for the fees of the attorney-general depends upon the release from jail and not upon the ability of the convicted person to pay or furnish security for payment. One of the provisions deals with the duty of courts in granting paroles to persons convicted of criminal offenses generally, and, incidentally, the taking of security for costs where the parties are able to furnish it. The other provides for the prosecution of violations of the prohibitory liquor law by the attorney-general and his assistants when the county attorney is unwilling or unable to enforce the provisions of that act, and as an inducement for efficient enforcement the county is made liable for attorney's fees if they are not paid within one month after the persons convicted are released from jail. Each act has a field of its own for operation, and nothing in the title or provisions of the parole law indicates a purpose to repeal or amend the act

providing for the payment of the attorney-general for the services he has rendered. It is said that originally only county commissioners could order a release, and that a release by a district court, which is subject to revocation, could not be regarded as the release referred to in section 4378. So far as that statute is concerned it is immaterial from whom the release is obtained or by whom it is ordered. Whenever the party convicted fails to pay the attorney's fee within one month after his release the liability of the county attaches. It was evidently the purpose of the legislature that the officers should not be required to wait for their fees until the released parties should choose to pay nor until they could be realized from the security for costs which they might previously have given.

The judgment will be reversed and the cause remanded with directions to enter judgment in favor of the plaintiff.

DAWSON, J., not sitting.