No. 26,517.

PAUL H. HEINZ, *Plaintiff*, v. HUGH C. LARIMER, as Clerk of the Court of Topeka, *Defendant*.

### SYLLABUS BY THE COURT.

STATUTES—*Aptness of Title.* The proviso contained in section 1 of chapter 7 of the Laws of 1925, concerning fees collected by any county attorney through the enforcement of the prohibitory and antigambling laws of the state, violates section 16 of article 2 of the constitution of this state.

Original proceeding in mandamus. Opinion filed December 5, 1925. Writ allowed.

*William A. Smith, Walter Blake, C. H. Quier, Malcolm McNaughton,* all of Topeka, for the plaintiff. *Paul H. Heinz,* of Topeka, *pro se.*

*Hugh C. Larimer,* of Topeka, *pro se.*

The opinion of the court was delivered by

MARSHALL, J.: This action is one in mandamus to compel the defendant, as clerk of the court of Topeka, to pay over to the plaintiff, the county attorney of Shawnee county, the sum of $50 as fees earned by him in the prosecution and conviction of Ed Switzer on two counts for violating the prohibitory liquor law. On April 21, 1925, Ed Switzer paid the fines and the costs, including $50 as an attorney's fee. The defendant refuses to pay the $50 to the plaintiff and bases his refusal on the following provision contained in section 1 of chapter 7 of the Laws of 1925:

"*Provided,* That all fees collected by any attorney-general, assistant attorney-general or by any county attorney, in any county having a population of over twenty-five thousand inhabitants, obtained through the enforcement of the prohibitory and antigambling laws of the state, shall, when collected, be paid into the county treasury of the county where such funds are collected and the same shall be credited to the general fund of such county."

The plaintiff argues that the quoted provision of the statute is invalid because it violates that provision of section 16 of article 2 of the constitution of this state which reads:

"No bill shall contain more than one subject, which shall be clearly expressed in its title."

The title to the act in question reads:

"An act making appropriations for the executive and judicial departments of the state for the fiscal years ending June 30, 1925, June 30, 1926, and June

Statutes, 36 Cyc. pp. 1026, 1043.

30, 1927, and fixing salaries of certain officers, clerks and employees herein named, and providing for employment of additional help; and requiring all fees collected by state officers to be paid into the state treasury for the benefit of the state; amending original sections 17-1214, 75-3105, 75-3107, 75-3113, 75-3117, 75-3135, 75-3146 and 75-3148 of the Revised Statutes of 1923, and repealing said original sections."

The act is the general appropriation act for the executive and judicial departments of the state government. The quoted proviso does not appropriate any money. It does not fix any salary. It does not provide for the employment of additional help. The county attorney is not a state officer and is not by the act required to pay the fees in controversy into the state treasury. The act does not require those fees to be paid into the county treasury for the benefit of the state.

If the proviso comes within the terms of the title, it comes within that part of the title which fixes "salaries of certain officers, clerks and employees" therein named; but fixing the salaries of county attorneys is not the appropriation of money for the executive and judicial departments of the state and is in no way connected with that matter. Requiring money to be paid into the county treasury to be credited to the general fund of the county is not comprehended within that part of the title requiring all fees collected by state officers to be paid into the state treasury for the benefit of the state. The proviso is out of harmony with the title to the act and is foreign to it.

Appropriation acts, under the constitution, must be confined to the appropriation of money and matters incident thereto. Matters which do not concern the appropriation of money cannot be included in an appropriation act; it does not matter what is the title to the act.

In *Reilly v. Knapp,* 105 Kan. 565, 185 Pac. 47, the court said:

"Chapter 1 of the Laws of 1919 contains two subjects: First, an act making appropriations for the executive and judicial departments of the state; second, an act to render certain persons ineligible to hold any office, place or position referred to in the act, and relates to the qualifications for certain offices. The title of the act is broad enough to include both subjects. *Held,* that section 2, which attempts to fix the qualifications for certain offices, being part of a bill containing two subjects, violates section 16 of article 2 of the constitution, and is void."

See, also, *State, ex rel., v. Dawson,* 90 Kan. 839, 841, 136 Pac. 320, where this court said:

Heinz v. Larimer.

"While section 16 of article 2 of the constitution requiring the single subject of an act to be clearly expressed in its title is not so frequently invoked as formerly, it is still as binding as ever. This matter of accounting for and turning over fees is not embraced even within the composite subject of executive and judicial appropriations, salaries, current expenses of the orphans' home, section 8998 (salary of auditor and his assistants), 9012 (salary of treasurer and his assistants), 9020 (state horticulture society), 4914 (adjutant general's office), and special improvements; and hence it is outside the scope of the title and void. The congressional practice of putting riders on appropriation bills is not permitted under our constitution."

The provision requiring the county attorney to pay certain fees into the county treasury is not embraced within the title to the act and that provision is a subject different from making appropriations for the executive and judicial departments of the state. The act contains more than one subject and contains a subject not embraced within its title.

That part of the proviso which requires certain county attorneys to pay into the county treasury the fees collected by them in prosecuting liquor and gambling cases is invalid. It violates section 16 of article 2 of the constitution. The law governing the fees of county attorneys in such cases is as it was before the passage of the appropriation act of 1925.

The plaintiff is entitled to the fees, and a writ to compel their payment to him is allowed.