No. 26,251.

No. 26,252.

THE STATE OF KANSAS, *Appellee,* v. KATHERINE TASSELL and FRED STALKER,. *Appellants.*

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Keeping and Maintaining Public Nuisance—Evidence.* The proceedings in a prosecution under the prohibitory liquor law considered and held to present no reversible error.

Appeal from the Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed February 6, 1926. Affirmed.

*A. E. Crane, B. F. Messick* and *W. E. Atchison,* all of Topeka, for the appellants.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Paul H. Heinz,* county attorney, *Edward Rooney,* and *Ralph Oman,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendants appeal from a conviction under the prohibitory liquor law of maintaining a nuisance.

The information contained four counts: The first charged possession of intoxicating liquor, the second and third, sale. The fourth charged defendants, jointly, with keeping and maintaining a public nuisance. In a trial to a jury the defendants were acquitted on the first three counts and convicted on the fourth.

It is contended by the defendants that the verdict on the fourth count was not supported by the evidence.

---

Intoxicating Liquors, 33 C. J. p. 770 n. 17.

Henry Clark testified among other things, that he saw Katherine Tassell in September when he went to her house to get liquor; that he came in from the rear of the house; that he asked for a gallon of liquor and Katherine Tassell said that she had a friend by the name of Fred that might deliver it next day; that he was a big man with a red face and that he had a goiter on his neck; that the liquor was delivered next day by a man that looked like the man Fred Stalker; that he paid this large man $12; that John Mayro drank some of the liquor; that he saw Katherine Tassell two weeks later and asked her for a gallon of liquor, and this man Fred seemed to be there that day in the room, and that he and Katherine Tassell talked a little bit between themselves; that after this conversation, Katherine Tassell said she guessed Fred would take it to the same place by the rock crusher; that this man Fred was the same man that delivered the first whisky; that at the Security Benefit engine room the liquor was delivered the next day by the same man—Fred Stalker—the man with the red face, large, and had a goiter on his neck; that he (Clark) paid $12 for the liquor; that he gave Mayro another drink; that in October he went to Tassell's again and asked her for a gallon of liquor; that she said she guessed she would let him have it; that she wanted $10 for it; that Mr. Craig was outside at the car.

Katherine Tassell testified: That up to six years ago she had been in the liquor business so long that she could not remember.

"I agreed with the judge six years ago to quit the liquor business. I got a parole at that time and agreed to quit the business and did quit. . . . Fred Stalker just rooms at my place when he is in Topeka. . . . I do not have to rely on any liquor business to keep me. . . . My brother has threatened to get evidence against me to send me to the penitentiary."

There was testimony showing that fourteen gallons of whisky were found under the house which could have been reached either through a hole in the foundation or through a trap door in the floor under the bed.

It would serve no useful purpose to detail more of the evidence. It was conflicting. There was sufficient to have sustained a conviction on all four counts. The fact that the jury found the defendants guilty on one count only is not, under the circumstances, a sufficient reason for their discharge.

A contention that the court erred in rejecting evidence and in the giving of instructions is without merit.

The judgment is affirmed.