No. 28,355.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM M. JONES, *Appellant*.

(270 Pac. 579.)

Opinion filed October 6, 1928.

*R. E. Melvin*, of Lawrence, for the appellant.

*William A. Smith*, attorney-general, *Jesse A. Hall*, county attorney, *James B. Kelsey*, assistant county attorney, and *John A. McLoughlin*, deputy county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: An action was brought by the state against William M. Jones to enjoin the maintenance of an intoxicating-liquor nuisance. A temporary injunction was granted on the application of the state. Defendant answered denying the charges and also filed a motion to set aside the injunction, and later the state filed a contempt accusation alleging that the defendant had violated the order of temporary injunction. Another motion was filed by the state for an abatement of the alleged nuisance. All three of these matters were taken up and heard together, and upon the evidence produced the court found that the defendant was keeping and maintaining a nuisance on the premises as charged, and adjudged that the temporary injunction be made permanent and that the nuisance be abated, and further that the defendant pay the costs of the action, including an attorney's fee of $100. It was adjudged that the same be made a lien upon the premises. The defendant was held not to be guilty of the contempt charge.

The principal contention of the defendant is that the court erred in overruling his demurrer to the evidence of the plaintiff. He argues that the evidence was so meager as to be insufficient to warrant a finding that the place kept by defendant was a nuisance and that the scales of justice had been tipped in the wrong direction. There was testimony that the place was raided by officers of the state a number of times when no liquor was found on the premises. On one of these raids a customer was found there in a state of intoxication. In a later raid the officers found a bottle of intoxicating liquor concealed in a garbage vessel close to the back door of the place. In a subsequent raid intoxicating liquor was discovered in a pitcher found in the kitchen. Several witnesses testified that the general reputation of the place was that intoxicating liquor was sold there, and that it was a place to which people resorted for the purpose of drinking intoxicating liquors. Defendant insists that proof of the general reputation of the place was not admissible. Although such evidence is not strong or conclusive, it was not inadmissible. In *State v. Fleeman,* 102 Kan. 670, 678, 171 Pac. 618, it was said:

"The defendant complains because the general reputation of the place was proved. The evidence was admissible for two purposes. It was admissible to prove the actual character of the place. The authorities are divided on this question, but the fact that a house has acquired a general reputation in the community of being an immoral resort is some evidence that it is such. While the evidence may be weak, it is not to be rejected on that account. The evidence was admissible for the purpose of charging the defendant with notice of the character of the place. The person who owns or controls an immoral resort is not likely to be ignorant of what the community knows." (See, also, *Felas v. State,* 16 Okla. Cr. 631.)

The evidence in the case is deemed to be sufficient to uphold the finding and judgment of the trial court that the defendant was keeping and maintaining a nuisance on his premises and to warrant the order of abatement. (*State v. Copelman,* 110 Kan. 749, 205 Pac. 360; *State v. Hathorn,* 119 Kan. 873, 241 Pac. 114; *State v. Tassell,* 120 Kan. 207, 243 Pac. 313.)

The court determined that the defendant should pay the costs, including the attorney's fee of $100 for prosecuting the action, and of this complaint is made. The statute (R. S. 21-2131) expressly provides for such an allowance and the provision has been held to be constitutional. (*Fritz v. The State,* 80 Kan. 168, 101 Pac. 1013; *State, ex rel., v. Dawson,* 90 Kan. 839, 136 Pac. 320.)

The judgment is affirmed.