POLICE OFFICERS — — LONGEVITY PAY
The compensation that an officer receives in the form of longevity pay does come within the meaning of the phrase "average annual compensation" as that phrase is used in 11 O.S. 541k [11-541k] (1971), and is to be taken into consideration when computing the amount of retirement benefits payable to a retiring policeman under the provisions of 11 O.S. 541 [11-541] through 11 O.S. 542d [11-542d] (1971). This will acknowledge receipt of your letter wherein you make reference to 11 O.S. 541k [11-541k] (1971) and ask: Whether the compensation an officer receives in the form of longevity pay is to be included as part of his "average annual compensation" when computing the retirement benefits to which he may be entitled. The pertinent part of 11 O.S. 541k [11-541k] (1971) to which you refer, reads as follows: "Every city or town . . . is hereby authorized and empowered to pay out of any funds in its pension and retirement system a service pension to any policeman eligible as hereinafter provided, not exceeding in any event the amount of many in such funds and not exceeding in any event one-half (1/2%) of the average annual compensation of any such policeman during the last thirty months . . . ." (Underscoring added) Whether compensation received in the form of longevity pay is to be included within the calculation to arrive at the "average annual compensation" in computing retirement benefits depends largely upon the definition of the word "compensation". In the case of Spearman v. Williams,415 P.2d 597, 601 (Okl. 1966), our Court stated: "It is our conclusion that in the present situation the word `compensation' appearing in Article V, Section 21, is synonymous with 'salary or emolument' in Article XXII, Section 10 of the Constitution. The word compensation is defined by Black's Law Dictionary, Revised Fourth Edition, as being: "The remuneration or wages given to an employee or, especially to an officer. Salary, pay, or emolument." The ordinary meaning of the term compensation, as applied to officers, is remuneration, in whatever form it may be given, whether it be in salaries and fees, or both combined. State v. Bland, 91 Kan. 160, 136 P. 947, 949. State ex rel Emmons v. Farmer, 271 Mo. 306, 196 S.W. 1106,1108; Leckenby v. Post Printing and Publishing Company,65 Colo. 443, 176 P. 490, 492. Referring back to the case of Spearman v. Williams, supra, which states that the word compensation is synonymous with salary or emolument, Black's Law Dictionary, Revised Fourth Edition, defines emolument as follows: "The profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees, and prerequisites; advantage, gain, public or private." Based upon the above, it can reasonably be concluded that the Legislature intended that the phrase "average annual compensation" encompass all remuneration, in whatever form it may be given. It is the opinion of the Attorney General that your question be answered in the affirmative. The compensation that an officer receives in the form of longevity pay does come within the meaning of the phrase "average annual compensation" as that phrase is used in 11 O.S. 541k [11-541k] (1971), and is to be taken into consideration when computing the amount of retirement benefits payable to a retiring policeman under the provisions of 11 O.S. 541 [11-541] through 11 O.S. 542d [11-542d] (1971). (Odie A. Nance)