Marvin Rainey City of Shawnee 7400 West 110th Street, Suite 600 Overland Park, Kansas 66210
Dear Mr. Rainey:
As City Attorney for the City of Shawnee you ask whether records identifying accrued, but unpaid vacation and sick leave balances constitute "individually identifiable records pertaining to employees" or whether they are "salary" for purposes of the Kansas Open Records Act (KORA).[1] The distinction is important because records identifying salaries are open while individually identifiable records pertaining to employees may be discretionarily closed.
You also inquire whether records identifying accrued vacation or sick leave for which an employee received a cash payment during the last three years of employment are open. The issue, in this instance, is whether the records of these expenditures are open or whether they can be discretionarily closed as individually identifiable records pertaining to employees. *Page 2 
You indicate that the City of Shawnee has received a record request for a list of all current employees, their length of employment, current salary and the number of vacation and sick leave hours accrued. A similar request was made for records concerning former employees who received cash payments for unused vacation and sick leave during the last three years of employment.
A public agency is not required to disclose:
 Personnel records, performance ratings or individually identifiable records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries or actual compensation employment contracts or employment-related contracts or agreements and lengths of service of officers and employees of public agencies once they are employed as such.[2]
Accrued, But Unpaid, Vacation or Sick Leave as Salary
"Salary" is not defined in KORA. In Galindo v. City ofCoffeyville, the Kansas Supreme Court considered the term "salary" when it is not defined within the relevant statute. The Court held that only the base amount paid to an employee for services is "salary" and does not include other compensation.[3]
We believe Galindo to be instructive because the issue concerned salary in the context of a governmental employee.
This conclusion is supported by an opinion authored by Attorney General Paul J. Morrison.[4] General Morrison determined that accumulated leave balances are estimates of potential liability, the actual payment contingent upon future events.[5]
Although an employee may have an expectation of future compensation, the actual payment will be based upon the nature of the employment-related agreement or personnel policies and whether an employee meets all of the conditions required to receive the paid time off. Using one's leave does not alter the employee's salary.
The question of whether a public employee's unused accumulated leave balances are records open to the public has not been the subject of any Kansas appellate cases or Attorney General Opinions. There is little guidance from other states. Two cases concluded that records identifying unused leave balances were open records.[6] *Page 3 
However, the holdings were based upon the language of the controlling state statute, which differs from that of KORA.
Accordingly, based upon the rationale of Galindo, records listing accrued, but unpaid, vacation and sick leave are not "salary." Such records are better characterized as "individually identifiable records pertaining to employees," and, as such, may be discretionarily closed.
Cash Payment of Vacation or Sick Leave
You have also asked whether records identifying leave paid by the city upon termination or other circumstances is an open record or whether such records may be discretionarily closed under the exception for "individually identifiable records pertaining to employees."
Whether a record falls within the parameters of KORA's personnel record provision is a question of fact.[7] However, just because a record contains the name of a public employee or concerns that employee does not mean that the record is shielded from public access.[8] This is especially true when the record identifies payment to an employee.
KORA begins with the following statement: "[i]t is declared to be the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy."[9] The Kansas Supreme Court has held that records are open unless specifically closed by KORA and, if there is ambiguity about a record, it should be resolved in favor of openness.[10] In order to close a record, there has to be specific legal authority.[11]
The intent of the exception for personnel records is to protect employees' privacy, save personal reputations and encourage qualified people to work for government.[12] Protected personnel records generally include personal performance ratings and evaluations, discipline, references, resumes, ADA[13] and FMLA[14] documents, personal contact information and social security numbers. However, when it comes to payments *Page 4 
to public employees, "the public has a right to know how a public institution spends its money."[15] Therefore, balancing employee privacy with the right of the public to know how its money is spent and, in light of the requirement that KORA be liberally construed, records identifying amounts paid to employees for vacation/sick leave are open.
In summary, records listing the salaries of public employees are open under KORA. "Salary" is fixed compensation paid regularly for services and does not include accrued, but unpaid, vacation or sick leave. Rather, records identifying unpaid accrued vacation and sick leave are individually identifiable records pertaining to public employees and, as such, may be discretionarily closed. However, records of payments made to employees for vacation or sick leave are open.
Sincerely,
Steve Six Attorney General
Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 45-215 et seq.
[2] K.S.A. 2008 Supp. 45-221(a)(4). Emphasis added.
[3] 256 Kan. 455, 464 (1994) citing State v. Bland,91 Kan. 160, 168 (1913).
[4] Attorney General Opinion No. 2007-25 discussing whether accumulated leave is subject to the Cash-Basis Law.
[5] Id at 6.
[6] Mississippi Dept. of Wildlife, Fisheries and Parks v.Mississippi Wildlife Enforcement Officers' Assn., Inc.,740 So.2d 925 (1999) and Buffalo News v. BuffaloMun. Hous. Auth., 558 N.Y.S.ed 364 (1990). In both cases the statutes provide what personnel records are closed. In contrast, KORA states what personnel records are open.
[7] Attorney General Opinion No. 91-127.
[8] Attorney General Opinion No. 93-55.
[9] K.S.A. 45-216(a).
[10] Cypress Media, Inc. v. City of Overland Park,268 Kan. 407 (2000).
[11] Attorney General Opinion No. 93-55.
[12] Id.
[13] Americans with Disabilities Act.
[14] Family Medical Leave Act.
[15] Minutes, Senate Elections and Local Government Committee, February 3, 2005. Written testimony of Ralph Gage, general manager of the Lawrence Journal World newspaper quoting the Douglas County District Court decision in World Company v.University of Kansas. See also Librach v. Cooper,778 S.W.2d 351, 356 (Mo.Ct. App. 1989). *Page 1