### 14376.    Boyd *v.* The State.

Broyles, C. J.   Where in the first count of an indictment it is alleged that the defendant on November 15, 1922, did sell spirituous liquors, etc., and in the second count of the same indictment it is alleged that the defendant on the same date did have, possess, and control spirituous liquors, etc., and the same evidence is relied upon to convict under both counts, and the evidence adduced demands a conviction under both counts, and the court instructs the jury upon both counts of the indictment, a verdict finding the defendant guilty of the first count and silent as to the second count is not void for repugnancy. *Boyd* v. *State,* 156 *Ga.* 48 (118 S. E. 705).

(*a*) Under the above ruling, which is the answer of the Supreme Court to a question certified to that court by this court, the trial judge did not err in overruling the defendant's motion in arrest of judgment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 3, 1923.

Indictment for having and for selling liquor; from Floyd superior court — Judge Wright.   February 12, 1923.

*Porter & Mebane,* for plaintiff in error.

*E. S. Taylor, solicitor-general,* contra.

---

### 14377.    Boyd *v.* The State.

Broyles, C. J.   1. Under the ruling made in *Boyd* v. *State,* ante, 778, there is no merit in the special ground of the motion for a new trial.

2. The verdict was demanded by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 3, 1923.

Description of case and counsel as in case cited above.