## BABCOCK v. UNITED STATES.

### (*Circuit Court, D. Colorado.* May 5, 1888.)

1. PERJURY—CONSTRUCTION OF STATUTES—PROVING ON PUBLIC LANDS.
   The provisions of Rev. St. U. S. §§ 5392, 5393, defining perjury and subornation of perjury, were reaffirmed in the Revision of 1874, and, being general in terms, were not repealed *pro tanto* by the special act of 1857, (11 U. S. St. at Large, 250,) providing for oaths, affirmations, or affidavits made or taken before any register or receiver of any local land-office, or used or filed in any such office, in respect to any right, claim, or title to public lands.

2. SAME—INDICTMENT.
   An indictment for subornation of perjury charged that defendant did solicit, suborn, and procure an unknown person assuming and pretending to be Mary L. Pratt, who then and there took an oath administered by the register of a local land-office, she, the said person, not believing the same to be true, as defendant then and there well knew, and that she did take the oath, signed and subscribed the affidavit, not believing it to be true, all of which defendant well knew. It also set out the substance of the affidavit, and alleged wherein it was false. *Held*, that the indictment was clearly sufficient.

3. SAME—JUDICIAL NOTICE.
   An indictment for subornation of perjury in procuring false affidavits to be subscribed before the register and receiver of a local land-office, need not aver that such officers were competent to administer an oath, as the court will take judicial notice that they are, under the statute, so authorized.

**4. SAME—EVIDENCE.**
The evidence showed that defendant procured certain unknown persons to go before the local land-office at Denver and swear to affidavits required for entering government land; that these persons made the applications in the names of persons who were not present, and, in some instances, not in the state; that defendant did this by agreement with the persons whose names were used, and that he obtained the receipts for them, and received money for his services. While it was not shown that he was personally present, except in one instance, when these false affidavits were sworn to, yet they were all made by his procurement, with knowledge of their falsity, and with knowledge that the persons making them knew they were false. *Held*, that a verdict of guilty was amply sustained by the evidence.

**5. CRIMINAL LAW—VERDICT—INDICTMENT.**
Where an indictment contains several counts, and a general verdict of guilty upon all is returned, if any count be good, judgment may be entered upon the verdict.

**6. INDICTMENT—DUPLICITY—AIDER BY VERDICT.**
The objection of duplicity in an indictment comes too late after verdict and judgment.

Error to District Court.

*L. R. Rhodes*, for plaintiff in error.

*H. W. Hobson*, for the United States.

BREWER, J. Defendant was indicted in the district court for subornation of perjury. On that indictment he was tried, convicted, and sentenced, and therefrom sued out a writ of error to this court. The indictment contained sixteen counts charging eight different offenses, each offense being presented in two separate counts, framed under different sections of the statutes. The substance of the offenses charged consisted in the defendant's procuring certain unknown persons to go before the officers of the local land-office at Denver, and swear to affidavits required for entering land. Of the guilt of the defendant there can be, under the testimony, little doubt. In a number of cases the original affidavits filed in the land-office were presented. These purport to be signed and sworn to by the applicant, before the register or receiver. In fact, the applicants were not present, and, in some instances, were not in the state. In one instance, at least, the pretended applicant,—the party making the oath,—was accompanied by the defendant; and in all the instances he agreed with the applicants for a consideration to procure the entries and informed them that their personal attendance was unnecessary, and that he would procure the receipts without such attendance. He did procure the receipts and delivered them to the applicants. Two of the parties were residents of Illinois, and sent money to him for that purpose, corresponding with him either directly or through a friend. While in only one instance is it shown that he was personally present when these false affidavits were sworn to, yet his agreements with the applicants, his representations as to what he could do, what was in fact done, and the payment of money to him therefor, made it beyond question that he did in fact procure some unknown parties to appear, and make these false affidavits. That the persons appearing and making these

false affidavits may have borne the same names as the applicants is, in view of the repeated instances, highly improbable, and also entirely immaterial, for they were not the real applicants,—the parties for whom the entries were made, or for whom he was acting. Counsel insists that there is no proof that the lands thus entered were public lands subject to entry, and therefore that the testimony is insufficient to sustain the verdict, because a mere voluntary affidavit, however false, cannot be the basis of a charge of perjury. I think that counsel are mistaken, and that the testimony is sufficient. Beyond the general statement of the defendant that he would enter for the parties land in that part of Colorado, and the fact that the entries were made, is a direct certificate of the register at the foot of the applications that the land was surveyed land, which the party might lawfully enter, and that there was no prior valid adverse right thereto. This is clearly sufficient to show that the affidavits were not voluntary oaths, but were affidavits to be used, and they were in fact used, in a legal proceeding before the land department.

These considerations as to the sufficiency of the testimony and the certainty of defendant's guilt lead now to the questions on the indictment, whose sufficiency is the principal ground of challenge by counsel. The first eight counts are based upon sections 5392 and 5393 of the Revised Statutes; the first defining perjury, and the latter providing that one procuring another to commit perjury is guilty of subornation. Now, section 5392 is general in its terms, applying to all cases in which a false oath or false testimony is taken or given before any competent tribunal, officer, or person. This section is of long standing. In 1857 an act was passed which is styled "An act in addition to an act more effectually to provide for the punishment of certain crimes," etc. 11 U. S. St. at Large, 250. The fifth section provides specifically for oaths, affirmations, or affidavits made or taken before any register or receiver of any local land-office, or used or filed in any such land-office in respect to any right, claim, or title to any of the public lands; and declares that the person guilty of corrupt swearing therein shall upon conviction be liable to the punishment prescribed for the offense of perjury. Now, the contention of counsel is that this, being a later and special act, substitutes, so far as all these cases before a local land-office are concerned, the provisions of the general statute; and that these eight counts, being framed under the general statute, and not containing all the details mentioned in the special statute, must be adjudged fatally defective. The decision of this question is really not essential to the disposition of this case, for it is settled law in the federal courts that where an indictment contains several counts, and a general verdict of guilty upon all is returned, if any count be good, judgment may be entered upon the verdict. *U. S. v. Jenson*, 15 Fed. Rep. 138; *U. S. v. Simmons*, 96 U. S. 360; 1 Bish. Crim. Proc. § 1015; Whart. Crim. Pl. §§ 771, 907. Probably, however, the point made by counsel is not good; for section 5392, though one of long standing, was reaffirmed in the Revision of 1874, and for all questions of validity and extent may be taken as of later date than the special act of 1857. The two, any way, are to be considered together, and both will

stand unless there is a manifest repugnancy between their provisions, or it can be said that obviously one was intended as *pro tanto* a substitute for the other. It is unnecessary to copy either of these counts in full. It seems to me clear that the first eight are good under sections 5392 and 5393, and the other eight good under the special act of 1857, taken in connection with section 5393. It is objected that in the last eight counts, there is no specific averment that the register and receiver were officers competent to administer an oath. This is unnecessary, for section 5 in terms refers to an affidavit made or taken before any register or receiver. As by another section of the statute the register and receiver are authorized to administer oaths and take affidavits in these land proceedings, the court will take judicial notice of their qualification, and an averment of the fact is unnecessary. So far as the objection of duplicity is concerned, it is enough to say that the objection is made too late after verdict and judgment. *U. S.* v. *Bayaud,* 16 Fed. Rep. 376; 1 Bish. Crim. Proc. §§ 442, 1282; Whart. Crim. Pl. § 255. Probably, also, the objection would not have been good if taken at an earlier stage of the proceedings. *U. S.* v. *Fero,* 18 Fed. Rep. 901.

Again, it is insisted that in no count of the indictment is it alleged that the defendant knew or believed that the parties or any of them would swear to the facts charged to be false. No reasonable objection lies to the sufficiency of either count in this respect. Take the first count, for instance. It charges that the defendant did solicit, suborn, and procure an unknown person assuming and pretending to be Mary L. Pratt, who then and there took an oath administered by the register; she, the said person, not believing the same to be true, as he the said defendant then and there well knew; and that she did take the oath, signed and subscribed the affidavit, not believing it to be true, all of which he well knew. Then it sets out the substance of the affidavit, and further alleges wherein it was false, and that she at the time knew it was false; and that he, knowing the same, solicited, suborned, and procured her to take the oath and sign and subscribe the affidavit, well knowing the same to be untrue, and well knowing that the person falsely personating Mary L. Pratt well knew the same to be untrue. In other words, the indictment charges that this unknown person falsely personating Mary L. Pratt made a false affidavit, knowing that it was untrue; and that he, knowing that it was untrue, and that she knew it was untrue, procured and suborned her to make it. She committed perjury, and he, knowing it was perjury, procured her to commit it. The substance of the crime is fully and clearly stated. Section 1025 of the Revised Statutes is pertinent to a matter of this kind. It reads:

"That no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be 'deemed sufficient; nor shall the trial judgment, or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

Can anything be clearer than that the defendant knew precisely what he was charged with, and that there was no doubt or uncertainty in the matter. *U. S.* v. *Fero,* 18 Fed. Rep. 901.

These are all the matters which I deem it important to notice. I see nothing in the record which would justify me in interfering with the judgment, and it must be sustained.