## ROLAND v. THE PEOPLE.

1. PRACTICE IN CRIMINAL CASES—JOINDER OF COUNTS.

Several cognate offenses growing out of the same transaction may be charged in separate counts in the same indictment or information; yet, when so charged, each count, to be valid, must be independent of the others and in itself charge the defendant with a different and distinct offense.

2. SAME—LARCENY.

In larceny cases the ownership of the property stolen must be alleged and proved as alleged, or the defendant is entitled to an aquittal.

3. SAME—FORMER JEOPARDY.

When, at the trial under an information containing two counts, the court

directs a verdict of not guilty as to one of them, it is equivalent to an acquittal of the offense charged in that count, and will support a plea of former jeopardy.

*Error to the District Court of Otero County.*

Mr. JOHN R. DIXON, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. CALVIN E. REED, of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

Lou A. Roland was informed against in the district court of Otero county for the crime of larceny. The information contained two counts. The first count charged him with the larceny of one heifer, of the value of $15.00, the property of Towers Brothers. The second count charged him with the larceny of one heifer, of the value of $15.00, the personal property " of some person, the owner of which to said district attorney is unknown." The case was first tried at the April term, 1894. Upon this trial the court, *inter alia*, instructed the jury as follows :

" The court instructs the jury that upon the first count the state has failed to make out the ownership as in the information alleged, and therefore need not be considered by you in this case, and leaves to your consideration only the charge that is given in the second count of one unknown."

" You are instructed that there is no legal evidence in this cause to show ownership of the heifer described in the information in Tower Bros. You are therefore instructed that you must acquit the defendant on the first count of the information."

And submitted to the jury the following forms of verdict :

" We, the jury, find the defendant guilty as charged in the information upon the second count, and the value of the property taken to be $————." Or : " We, the jury, find the defendant not guilty."

The jury failed to agree, and were discharged.  The case was again set for trial at the April term, 1895, whereupon the defendant interposed a plea of former jeopardy, setting forth therein the record of the proceedings of the April term, 1894, a copy of the instructions of the court withdrawing the first count of the information from the jury, and directing an acquittal thereon; concluding with a prayer for judgment that he ought not to be put further to answer said first count of the information.  This plea was overruled, and the defendant was again put upon trial upon both counts of the information; was found guilty upon the first count, and recommended to the leniency of the court.  Motions for a new trial and in arrest of judgment were overruled, and he was sentenced to confinement for one year and six months in the state penitentiary.

The record contains several other matters upon which error is assigned, but it is unnecessary to specify or consider them, since it is apparent from the foregoing statement that the error committed by the court below, in overruling the plea of former jeopardy to the first count of the information, necessitates a reversal of the sentence.  This ruling is sought to be upheld upon the theory that but one offense was charged in the information,—that the two counts being based upon the same act, charged the same offense,—and although the defendant was in jeopardy upon the first trial, such jeopardy was suspended by reason of the failure of the jury to render any verdict, and such failure left undetermined, and consequently at issue on the subsequent trial, *the fact of the larceny*, as charged in both counts.

We think this claim is without merit.  Counsel for the people are mistaken in their assumption that the same offense was charged in both counts.  It may be true that the same act or transaction furnished the subject-matter of the offense charged in both; nevertheless, the offense as charged and set forth in each was different.  While our Criminal Code (section 1452, Mills' Ann. Stats.) permits the joinder in one indictment or information of several charges against a person

for the same act or transaction (that is, several cognate offenses growing out of the same transaction may be charged in separate counts), yet, when so charged, each count, to be valid, must be independent of the others, and in itself charge the defendant with a distinct and different offense. As stated by Mr. Bishop, in his work on Criminal Procedure, section 426:

"Every separate count should charge the defendant as if he had committed a distinct offense, because it is upon the principle of the joinder of offenses that the joinder of counts is admitted."

In conformity to this principle, the two counts in the information in this case charge distinct offenses against the defendant; and the proof necessary to sustain a conviction upon one would fail to establish the offense as charged in the other. If we may assume that the same heifer is referred to in both, and each is based upon the same transaction, yet proof that would sustain a conviction upon the first count would be clearly inadequate to sustain a conviction upon the second count, and *vice versa*. The ownership of the property stolen must be alleged and proved as alleged, or the defendant is entitled to an acquittal. Rapalje on Larceny, section 144.

The larceny of a heifer, the property of Towers Bros., is a different offense than the larceny of a heifer belonging to some one else; and hence the two counts in this information, although predicated upon the same act of taking, might and did charge different and distinct offenses. Section 18, art. 2, of our bill of rights, protects a person against a second jeopardy for the same *offense*. That the defendant was put in jeopardy upon the first trial for the offense charged in the first count of the information admits of no doubt; and that the action of the court below in withdrawing that count from the consideration of the jury on the account of insufficiency of the evidence to sustain a conviction of the *offense* therein charged was equivalent to an acquittal of the defendant thereof is well settled by the current of authority. In *Mount v. State*, 14 Ohio, 295, a case similar to the one at bar, the supreme court of Ohio used the following language:

"There can, we think, be no question of the right of the state, after the jury are sworn, to *abandon* any count, of all the counts of an indictment, even against the defendant's consent; but abandonment cannot be held to be anything more than the expression of the opinion from the legal authority of the state, on the insufficiency of the evidence to produce conviction, in the case made; *and it is equivalent to an acquittal.* It justifies and requires from the jury, with the sanction of the court, a verdict of not guilty, and the prisoner may of right demand it. An abandonment, therefore, of a criminal prosecution, after the jury is sworn, is tantamount to an acquittal, and the effect is the same; and no error is perceived by us, in the exercise of this right by the state, in reference to the *third* count." *People v. Webb*, 38 Cal. 477; 1 Bish. Crim. Law (7th ed.), sec. 1015; *Bell v. State*, 44 Ala. 393; Whart. Crim. Pleadings & Practice (9th ed.), sec. 491; *Weinzorpfling v. State*, 7 Black. (Ind.) 186; *People v. Ny Sam Chung*, 94 Cal. 304; *Hall v. People*, 43 Mich. 417; Cooley's Const. Lim. (6 ed.) 399.

The right of the defendant to invoke the foregoing constitutional provision in bar of the second trial upon the first count of the information was clear, and the court erred in overruling his plea of former jeopardy. For this reason the judgment and sentence are reversed, and the cause remanded, with directions to the court below to discharge the defendant.

*Reversed.*