## No. 9375.

## CASTNER et al. *v.* THE PEOPLE.

1. CRIMINAL LAW—*Receiving Stolen Goods—Information*, need not name the person from whom the goods were received by the accused.

2. *Verdict of Not Guilty*, directed by the Court, is equivalent to an acquittal, and will support a plea of former jeopardy, even though the jury fail to find upon the counts, to which the instruction is directed.

3. *Witness—Discrediting—Offer of Immunity to a Witness for the People*, made by one not in authority, nor claiming so to be, and as to whom no reason was shown to presume such authority, *held* properly rejected.

4. *Evidence—Other Offenses*, in a prosecution for receiving stolen goods, is admissible to show method or intent. The disposition of the stolen goods falls within the rule.

5. *Evidence as to the Title to the Goods*, examined, and held sufficient to sustain the conviction.

6. ERROR—*Harmless Error*. The goods mentioned in each of the several counts of the information being the same, denial of a motion requiring the district attorney to elect upon which count he will rely, is not prejudicial.

Nor is the denial of an instruction that several join in the same information cannot be separately convicted, where all are convicted.

7. INSTRUCTIONS—*Unnecessary Repetition* is always to be avoided.

*Department One.*

*Error to Garfield District Court, Hon. John T. Shumate, Judge.*

Mr. JOHN L. NOONAN, for plaintiffs in error.

Hon. LESLIE E. HUBBARD, Attorney General, and Mr. J. W. KELLEY, for the People.

Burke, J.

OCTOBER 29, 1917 plaintiffs in error (defendants below and hereinafter so designated) were jointly informed against for receiving stolen goods of the value of $255.36. The

information was in four counts, of which the second was dismissed by the court. The first count alleged ownership of the goods in question in the J. S. Brown Mercantile Company; the third in J. C. Gudgel; the fourth in Garfield County. The information did not name any person from whom the goods were received.

Defendants had owned the C. & C. market in Glenwood Springs. This they later disposed of and went into the junk business. Near the town of Glenwood Springs was a State Road Camp where convicts were engaged in highway construction. J. C. Gudgel was superintendent of the road camp; W. G. McDonald, a prisoner, was commissary man; C. J. Taylor, a former convict, resided in the vicinity; Joseph Nagin was a junk dealer residing in Leadville.

It was the theory of the people that McDonald, Taylor and defendants were working under an arrangement by which McDonald, in his capacity as commissary man, but with felonious intent, procured from the agent of the railway, goods shipped to the road camp, and delivered them to Taylor or defendants; that most of the goods so received by Taylor were by him delivered to defendants, who in turn disposed of them, in part at least, through Nagin; that defendants received one-half the net proceeds, and McDonald and Taylor the other half; that the goods in question came from the J. S. Brown Mercantile Company; that certain of the goods found by the sheriff (under search warrant) in the homes of defendants, and in their store-room, and produced in court, were a portion of this consignment.

The offense is alleged to have been committed on, or about, September 9, 1917. The cause was tried to a jury which returned a verdict December 6, 1917, finding the defendants guilty as charged in the first count of the information.

Mr. Justice Burke delivered the opinion of the court.

The principle contentions of defendants, and the only ones necessary for our considerations, are:

1. That the information did not state the name of the person from whom the goods were received by defendants, and their motion, at the close of people's evidence, for a directed verdict for this omission, should have been sustained.

The ruling of the trial court to the contrary is supported by the great weight of authority, and is firmly established in this jurisdiction. 34 Cyc. 521. *Curl v. People*, 53 Colo. 578, 582, 127 Pac. 951, Am. Cas. 1914B, 171.

2. That the verdict is not supported by the evidence.

On the contrary we are of the opinion that the evidence is ample to support, in every particular, the theory of the prosecution concerning the theft, handling and disposition of the goods in question.

3. That as the jury was instructed, in the event it found defendants guilty on the first count of the information it should find them not guilty on the third and fourth counts, and as said third and fourth counts were not mentioned in the verdict, its reception by the court was error.

When the court directs a verdict of not guilty as to one count such direction is equal to acquittal and will support a plea of former jeopardy. *Roland v. People*, 23 Colo. 283, 47 Pac. 269. While the court should have required the verdict to be so amended as to comply with the instructions, defendants have sustained no injury by the failure and cannot be heard to complain. If the record does not show an acquittal on the third and fourth counts that is the omission of a mere formality which will be corrected on motion.

4. That defendants written offer to show, as tending to discredit the witness McDonald, that while he was in jail in El Paso County on a felony charge he was offered immunity therein, as well as from prosecution for larceny in Garfield County, if he would tell who was implicated with him in the larceny of the goods in question in the case at bar, whereupon he told, for the first time, the story he had now repeated on the witness stand—was erroneously rejected by the court.

At the time of the offer, counsel for the people objected to it on the ground, among others, that it was not sufficiently specific. This was unquestionably good and the offer was properly excluded. It does not appear that the offer was made by any person in authority, or who claimed to be in authority, or whom the witness presumed or had any reason to presume, had any authority.

5. That the court erred in admitting evidence of other alleged offenses similar to that for which defendants were prosecuted.

It is well settled in a certain class of cases that evidence of other offenses may be given to establish method, plan or intent, and that the disposition of stolen goods falls within that class. 16 Corpus Juris, 610, Sec. 1195,

6. That there was not sufficient evidence that the goods in question were owned by The Brown Mercantile Company.

Mr. Hawkins, manager for The Brown Mercantile Company, testified that the Company did business with Garfield County, that quotations of goods were made to Gudgel and goods shipped to him as superintendent, that the Company had received no payment, and that bills for the goods were sent to the County Commissioners of Garfield County. In view of the further evidence that these goods were obtained from the depot by McDonald with intent to steal them, and delivered by him, with that intent, to Taylor, we think the proof ample as to the ownership of the goods.

7. That defendants motion, made at the close of people's evidence to require the District Attorney to elect upon which count of the information he would rely, was erroneously overruled by the court.

Counsel for defendants admit in their brief that this motion was addressed to the sound discretion of the court. In view of the fact that the goods mentioned in each count of the information were the same, and the further fact that neither defendant nor their counsel could have been misled thereby, we see no reason to conclude that the trial court's discretion was improperly exercised.

8. That defendants, being jointly informed against, could not be separately convicted or acquitted, and hence the courts instruction to the contrary was error.

Be that as it may, the jury having convicted both, neither can be prejudiced.

9. That instruction No. 10 is erroneous because all of the elements essential to constitute the offense of receiving stolen property are not mentioned therein.

The omission complained of was proper and necessary. This instruction merely required the jury, in case of a verdict of guilty, to fix the value of the property. It made no pretense of defining the offense with which defendants were charged. That definition was contained in other instructions. Such repitition is. not only unnecessary but always to be avoided if possible.

Brickwood, Sackett Instructions, Vol. 1, Sec. 177.

A careful examination of the entire record in this case fails to disclose any substantial error.

The judgment is accordingly affirmed.

Garrigues, C. J. and Teller, J., concur.