## ROSENTHAL v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit.　December 5, 1921.)

No. 3669.

**Criminal law** ⬤⟿878(4)—**Verdict of guilty on one count and not guilty on another embracing the first held inconsistent.**

Where a count charging that defendant bought and received stolen property with knowledge that it was stolen, in violation of Act Feb. 13, 1913 (Comp. St. § 8603, 8604), and a count charging him with having the same property in his possession with like knowledge, were based on the same transaction, and the evidence showed only one transaction, a verdict finding defendant not guilty on the first count, but guilty on the second count, was wholly inconsistent, and required a reversal.

In Error to the District Court of the United States for the First Division of the Northern District of California; Edward E. Cushman, Judge.

Joseph Rosenthal was convicted of having stolen property in his possession with knowledge that it was stolen, etc., and he brings error. Reversed and remanded.

The plaintiff in error was, together with Morris Rosenthal and Arthur F. Fitch, indicted in two counts, by the first of which they were in effect charged with having, at a certain time and place within the jurisdiction of the court below, willfully and feloniously bought and received 39 cases of certain described cigarettes, containing 5,000 each, of the approximate value of $1,462.20, which had theretofore been stolen from a certain described car of the Southern Pacific Company, at the time constituting a part of a shipment of freight in interstate commerce; the defendants well knowing that the cigarettes had theretofore been so stolen.

The second count in effect charged the defendants with having at the same time and place the same cigarettes in their possession under like circumstances and with like knowledge.

The trial resulted in a verdict of not guilty under the first count as to all of the defendants, and not guilty under the second count as to the defendants Morris Rosenthal and Fitch, but finding the plaintiff in error guilty under the second.

Joseph E. Bien, of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., and Thomas J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). As will be seen from the foregoing statement, the plaintiff in error was by the jury found not guilty of having bought and received the cigarettes, but guilty of having them in his possession at the same identical time and place, and with the like knowledge in each instance of their having been stolen goods. The act of Congress upon which the indictment was based makes criminal the "buying, receiving or having in possession" stolen property, with knowledge of its stolen character. 37 Stat. p. 670 (Comp. St. §§ 8603, 8604).

It was practically conceded at the trial that the cigarettes were stolen from the railroad company by two of its employees. The evidence

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied February 20, 1922.

showed without conflict that the plaintiff in error was the active agent of the elder Rosenthal, who was his father, and conducted the transaction in question on his behalf with the thieves; and there was ample evidence given to sustain the verdict of guilty against the plaintiff in error under the second count. The difficulty is that there was but one transaction involved in the two counts of the indictment, which was based upon the statute mentioned, and, according to the evidence, but one transaction between the plaintiff in error and the thieves. By its verdict upon the first count of the indictment the jury found that the plaintiff in error neither bought nor received the cigarettes from them with knowledge of the theft, and by its verdict upon the second count that the plaintiff in error was at the same time and place in possession of the property with such guilty knowledge. The two findings were thus wholly inconsistent and conflicting. For this reason we feel obliged to reverse the judgment and remand the case for a new trial. See Morgan v. Devine, 237 U. S. 632, 639, 640, 35 Sup. Ct. 712, 59 L. Ed. 1153; Sections 1052, 1062, Bishop's Criminal Law (8th Ed.).

Judgment reversed, and case remanded for a new trial.