*J. J. Bull & Son,* for plaintiff.

---

## BOYD *v.* THE STATE.

GILBERT, J. The Court of Appeals certified to this court the following question: " Where in one count of an indictment it is alleged that the defendant, on November 15, 1922, did sell spirituous liquors, etc., and in the second count of the same indictment it is alleged that the defendant on the same date did have, possess, and control spirituous liquors, etc., and the same evidence is relied upon to convict under both counts, and the evidence adduced demands a conviction under both counts, and the court instructed the jury upon both counts of the indictment, is a verdict, finding the defendant guilty on the first count, and *silent* as to the second count, void for repugnancy?" *Held*: The verdict finding the defendant guilty on the first count and silent as to the second count is not void for repugnancy.

(*a*) In *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622), where two counts in an indictment were identical with those described in the question propounded, and where the jury returned a verdict of guilty on the first count and a verdict of not guilty on the second count, this court held such verdict void for repugnancy. That case differs from the present case, where the verdict was silent as to the second count

(*b*) In *Hathcock* v. *State,* 88 *Ga.* 91 (2) (13 S. E. 959), it was held: " Where the trial is had at the same time on two counts in an accusation, a verdict of guilty on one count alone is an acquittal on the other, but such acquittal does not vitiate the conviction, although

both counts may relate to the same transaction." Properly construed, the ruling in this case, to the effect that the verdict of "guilty" on one count alone is an "acquittal on the other," means that the effect of silence as to one count will prevent another trial on the same count under the constitutional ground of former jeopardy. So far as punishment of the accused is concerned the result is the same as if there had been a verdict' of acquittal. As regards the finding of the jury such is not the case. When the verdict is silent on one count, it cannot be said that the jury have made any finding on that count; and it follows that there is no finding repugnant to the finding on the other count. This is true even though the jury must·be presumed to know the effect of silence on one of the counts. *All the Justices concur, except Russell, C. J., dissenting.*

No. 3713. JULY 21, 1923.

Question certified by Court of Appeals (Case No. 14376).

*Porter & Mebane,* for plaintiff in error.

*E. S. Taylor, solicitor-general,* contra.

RUSSELL, C. J., dissenting. In my opinion the verdict is void for repugnancy. The charge in the first count is the unlawful sale of intoxicating liquors; that in the second count is having intoxicating liquors in the power, possession, and control of the defendant. The verdict, which by silence acquits the defendant of having the liquors involved in identically the same transaction in his possession or control, is entirely inconsistent with a verdict finding that he did sell these same liquors. The verdict is repugnant, if for no other reason, because it shows that the jury must have had even more than a reasonable doubt as to whether he sold the liquors for the selling of which they convicted him. The leniency to which reference is made in the quotation in the opinion of the majority is not a matter of which a jury, sworn to decide a cause according to the law and the evidence, can take away from the Executive Department.