## No. 11,112.

## BRIOLA v. THE PEOPLE.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Plaintiff in error was convicted of the crime against nature.

### Affirmed.

1. CRIMINAL LAW—*Nolle Prosequi—Reason For.*   If the dismissal of one count of an information and election to stand upon another comes within section 7078, C. L. '21, a defendant who does not object to the granting of the motion to dismiss, cannot predicate error on such alleged violation of the section.

2. *Nolle Prosequi—Bar to Subsequent Prosecution.*   A nolle prosequi during a trial bars a subsequent prosecution for the same offense.

3. *Abandonment of Count.*   The state may, after the jury has been sworn, abandon any count of an indictment without the consent of defendant.

4. *Sentence—Excessive.*   A sentence of life imprisonment for the crime against nature, being authorized by law, the reviewing court is without authority to modify it on the ground that it is excessive.

*Error to the District Court of the City and County of Denver, Hon. S. W. Johnson, Judge.*

Mr. F. E. DICKERSON, Mr. CHARLES R. CONLEE, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

*Department Three.*

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, delivered the opinion of the court.

THE plaintiff in error was convicted of the crime against nature and sentenced to the state penitentiary for life.   He

brings the cause here, and the same is before us on an application for a supersedeas.

The information contained two counts. The first charged the plaintiff in error and two other persons with the crime of forcible rape. The second count charged the commission of the crime against nature.

At the trial the prosecuting witness testified to the effect that she was not a victim of rape, but that the defendant committed upon her person the crime against nature. At the conclusion of her testimony, the district attorney, with the consent of the court, dismissed the charge of rape as contained in the first count of the information and elected to stand upon the count charging the crime against nature. This dismissal and election was objected to by defendant, and is now assigned as error.

The plaintiff in error first calls attention to section 7078, C. L. 1921, which provides that a motion for nolle prosequi "shall be supported or accompanied by a statement in writing concisely stating the reasons for such action." If a dismissal of one count and the election to stand upon another comes within this statute, the plaintiff in error cannot complain of the infringement of the statute, because he neither asked for such statement in writing nor objected to the granting of the motion to dismiss the first count on the ground that such statement was not produced or filed.

The principal contention of the plaintiff in error is that it was error to grant the motion to dismiss the first count without the consent of defendant. Authorities are cited to the effect that a nolle prosequi cannot be entered after the jury are sworn unless the defendant consents. See 16 C. J. 433. The principal reason for such rule was that a nolle prosequi would not be a bar to another indictment for the same offense. *Commonwealth v. Tuck,* 20 Pick. (Mass.) 356. The rule has never been announced in this state, and ought not to be. The principal reason for the rule does not exist, for we have held that a nolle prosequi during a trial bars a subsequent prosecution for the same offense, whether on the same or another indictment. *Roland v.*

*People,* 23 Colo. 283, 47 Pac. 269.   In the Roland Case we quoted with approval the following from *Mount v. State,* 14 Ohio, 295, 45 Am. Dec. 542:   "There can, we think, be no question of the right of the state, after the jury are sworn, to *abandon* any count, or all the counts of an indictment, even against the defendant's consent."

In the Mount Case, above cited, it was further said that the defendant is entitled to a verdict of acquittal. · In the instant case the defendant did not ask for a directed verdict of not guilty on the count dismissed, so the absence of such verdict is not involved upon this review.   There was no error in dismissing the first count of the information in this case.

The remaining proposition urged is that the sentence is excessive.   It is, however, one authorized by law.   We have no authority to modify it.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.