## No. 12,080.

## Loos *v*. The People.

Decided June 11, 1928.

Mr. Thomas Ryan, Mr. William A. Bryans, Jr., for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. William W. Gaunt, Assistant, for the people.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as defendant, was found guilty of having a second time violated the law against selling intoxicating liquor and was sentenced to from two to three years in the state penitentiary. To review that judgment he prosecutes this writ.

The information contained four counts, each of which recited a former conviction of violation of the intoxicating liquor law. In addition thereto the first count charged unlawful possession, the second unlawful possession for sale, the third unlawful sale to Burback, et al., and the fourth unlawful sale to Green, et al. These were disposed of as follows: The third was withdrawn, no verdicts of any kind were returned on the first and second, and a verdict of guilty on the fourth. Separate motions to set aside the verdict, and for a new trial, "in the above entitled action" were filed, and later an amended motion for a new trial "on the fourth count of the above entitled action." All were overruled. After sentence a motion "to vacate the judgment and sentence heretofore entered and pronounced herein," and permit defendant to file a motion in arrest of judgment was filed, supported by two affidavits, each reciting "that 'not guilty' forms of verdict upon each separate count were not supplied to the jury." This motion was overruled. Later, by leave of court, a motion in arrest of judgment was filed based upon the failure of the court to submit "not guilty" forms of verdict, and alleged inconsistency because the defendant could not be found *not guilty* of possession for

sale and *guilty* of selling, at the same time and place and upon the same evidence. That motion was also overruled.

The seven assignments of error may be condensed into the following: (1) The court erroneously neglected to supply the jury with "not guilty" forms of verdict. (2) The verdict returned involves a fatal inconsistency. (3) The evidence is insufficient to support the verdict. (4) No judgment was entered.

1. Technically this objection is not entitled to consideration. The record discloses "that 'not guilty' forms of verdict upon *each* separate count were not supplied to the jury." It does not show that such a form was not supplied as to the fourth count, and the failure as to the others would be wholly immaterial in any event. Assuming, however, that this is such a showing as to the fourth count, the objection is not good. We have heretofore held in a murder case that the failure of the court to submit a form of verdict covering manslaughter was not reversible error where no such submission was requested, although defendant was found guilty of a higher grade of the crime charged; and that it was the duty of counsel for defendant to watch the progress of the trial, be informed as to what verdicts were submitted, and request the proper form. *Jabich v. People*, 58 Colo. 175, 182, 143 Pac. 1092.

2. Assuming that the failure of the jury to find on counts one and two is equivalent to a verdict of not guilty thereon, we can not reverse this judgment as inconsistent therewith. It is said we have announced the law in this jurisdiction as contended for by defendant because in *Webb v. People*, 83 Colo. 1, 262 Pac. 906, Mr. Justice Campbell, speaking for the court, cited with approval *Kuck v. State*, 149 Ga. 191, 99 S. E. 622; but in the Kuck case the verdicts which were held inconsistent were in fact returned on each count. In the later case of *Boyd v. State*, 156 Ga. 48, 118 S. E. 705, the silence of the jury on one count and its verdict of guilty on the

other was distinguished from definite verdicts of guilty and not guilty and the former declared not inconsistent. The technical rule of acquittal on one count by silence is not carried so far as to impeach a positive conviction on a second count. We must not ignore the rule that every presumption is in favor of the verdict and judgment, hence in case of mere failure to return a verdict on one count the presumption is of neglect or oversight rather than deliberate violation of duty. If under any view of the evidence the verdicts are consistent the presumption is that the jury took that view.

3. The bottle of liquor sold was taken from the purchaser by an officer. Both identified it and it was introduced in evidence. Little more can be said for this assignment than that it is based upon the officer's statement that while he had smelled the liquor he had not tasted it, and although he testified it was either colored alcohol or moonshine whisky he could not be sure which. True, defendant denied making a sale of anything, but otherwise the evidence is overwhelming and the assignment is trivial.

4. Counsel for defendant apparently proceed upon the theory that a judgment must be entered upon a verdict in a criminal case as in a civil case and that a sentence is then pronounced upon such judgment. But in a criminal case the sentence is the judgment. It is pronounced by the court and entered at length by the clerk. We find it in this record in due form and it is admitted by defendant's motion, heretofore noted, "to vacate the judgment and sentence heretofore entered and pronounced herein."

The judgment is affirmed.