· No. 29,501.

The State of Kansas, *Appellee*, v. C. T. Geselle, *Appellant*.

(293 Pac. 494.)

Opinion filed December 6, 1930.

*Dempster O. Potts, R. G. Bennett* and *Dallas M. Potts,* all of Wichita, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *William J. Wertz,* county attorney, and *W. B. Harms,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

Marshall, J.: ·The defendant appeals from a conviction of maintaining an intoxicating liquor nuisance in violation of R. S. 21-2130.

The defendant was charged under two counts of an information, one count with unlawfully having intoxicating liquors in his possession, and the other count with unlawfully keeping a place where intoxicating liquors were sold, manufactured, bartered, and given away in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, etc. The defendant was acquitted of having intoxicating liquors unlawfully in his possession, but was convicted of maintaining a nuisance.

1. He argues that the evidence was not sufficient to justify his conviction on the nuisance charge. There was evidence which tended to prove that the defendant occupied a tract of land consisting of two or three acres which were fenced; that on the tract were situated his house, a garage, and a chicken house; that along the east side of the tract there was a fence consisting of woven wire at the bottom and barbed wire at the top; that across that fence was thrown a blanket which caused the fence to sag and made it easy for any person so desiring to get over it; that east of the fence was a cornfield, and running north along the side of the fence from the place where the blanket was thrown over it was a path for about 100 feet; that by the fence, covered with weeds, were found a ten-gallon keg of whisky, one quart bottle nearly two-thirds full of a liquid, and nineteen one-gallon jugs full of a liquid, some of which would produce intoxication when used as a beverage; that by the side of the fence, near where the liquor was found, there was a stile or stool; that in the garage on the premises occupied by the defendant were found a number of empty one-gallon glass jugs, two small funnels, three short pieces of hose, and two Coleman burners unused; and that inside of the fence defendant's premises were covered with gravel.

That evidence tended to prove that the defendant had possession of the intoxicating liquor found; that he owned it; that he made it; and that he had it for use in violation of law. The evidence was sufficient to uphold the verdict of guilty of maintaining an intoxicating liquor nuisance.

2. The defendant argues that because he was found not guilty of having liquor in his possession the jury was precluded from finding him guilty of maintaining a common nuisance. That question has been disposed of by this court adversely to the argument of the defendant. (*State v. Brizendine,* 114 Kan. 699, 220 Pac. 174; *State*

*v. Hund,* 115 Kan. 475, 222 Pac. 766; *State v. Tassell,* 120 Kan. 207, 243 Pac. 313; *State v. Stewart,* 120 Kan. 516, 243 Pac. 1035; *State v. Jackson,* 121 Kan. 711, 249 Pac. 688; and *State v. Taylor,* 130 Kan. 813, 288 Pac. 731.)

.3. Defendant complains of the following instruction given to the jury by the court:

"You are further instructed that the defendant is charged in two counts: First with having liquor in possession, and, second, with maintaining a nuisance; and in this connection, you are further instructed that you may find the defendant guilty on both counts; or, you may find him guilty on one count and not guilty on the other count; or, you may find him not guilty on both counts."

The practice in this state has long been for the court to instruct the jury that the defendant, where he is charged in one information with two or more offenses, may be convicted on any one or more and acquitted on the others. There was no error in that instruction.

The judgment is affirmed.