No. 15,753.

AABERG *v.* THE PEOPLE.
(183 P. [2d] 260)

Decided June 30, 1947.

Mr. E. V. HOLLAND, Mr. HORACE N. HAWKINS, JR., Mr. HORACE N. HAWKINS, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr.

DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of the larceny of certain personal property of the value of $690 and sentenced to the penitentiary for a term of four to six years. To review that judgment he prosecutes this writ, assigning thirty-two alleged errors. Some of these appear to have merit, but we limit ourselves to No. 10 which is that, the court erroneously overruled defendant's motion for a directed verdict at the close of people's evidence.

■ The information charged that the property stolen was "the personal property of Joe A. Worsham." Having so alleged the state was bound to so prove. *Sullivan v. People,* 6 Colo. App. 458, 41 Pac. 840.

■ The ownership of property stolen must be alleged, and proved as alleged, or defendant is entitled to an acquittal. *Roland v. People,* 23 Colo. 283, 47 Pac. 269.

■ It is unquestioned that the sole evidence of Worsham's ownership is Exhibit A introduced by the people. That Exhibit is a deed dated January 11, 1944, from defendant and his wife to Worsham, of numerous mining claims, "including all material and supplies on hand, tools, implements, machinery, trucks and anything and everything owned or used by the grantors or the American Cork Company under which name they were operating, in the mining, transporting, processing, selling and marketing of vermiculite, or its products, from said claims or any of them. A true, accurate and complete inventory of which shall be prepared and furnished to the grantee."

The personal property so referred to was never delivered to Worsham, but it is that property which defendant is alleged to have stolen two days after the date of the deed. There is evidence that he took it from the mining claims and stored it in his name. It is too apparent for discussion, and made certain by the evidence, that title could not pass to this property until it was identified by segregation or by the inventory referred to in the exhibit. "It inheres in the very nature of the transaction that a bargain and sale cannot be made of chattels not yet identified—the ownership cannot change, the property or title cannot pass, until the particular property which is the subject of the contract becomes ascertained. This is true independently of the intention of the vendor and vendee. So long as the subject of the contract remains undetermined, the law will conclusively presume that the contract is executory, and no property or title can pass from vendor to vendee. Benj. on Sales (Am. Ed.), section 78, pp. 95-6, section 310, p. 323." *Ellis & Meyers Lumber Co. v. Hubbard*, 123 Va. 481, 493, 96 S.E. 754.

■ The people's evidence having failed, defendant's motion for a directed verdict should have been sustained. The judgment is accordingly reversed and the cause remanded with directions to dismiss.

MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD concur.